

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 28, 1947

Hon. E. V. Spence, Chairman
State Board of Water Engineers
Austin, Texas

Opinion No. V-169

Re: Issuance of revenue
bonds by a water
control and improve-
ment district and
pledge of income of
irrigation system in
payment thereof.

Dear Sir:

Reference is made to your letter of April 9, 1947, in which you state that a certain water control and improvement district was created in 1941 under the authority of Articles 7880-1 to 7880-147, Vernon's Civil Statutes, and that the order creating the district included the broad powers mentioned in Articles 7880-3 and 7880-3a. These two statutes include among others the powers to establish and operate an irrigation system and to establish and operate a water and sewer system.

You state that in 1946 the district issued bonds under the authority of method 2 of Article 7880-90a, which bonds are secured by a pledge of the net revenue of the water and sewer system. The proceedings authorizing these bonds were approved by the Board of Water Engineers and the Attorney General and registered by the Comptroller of Public Accounts.

We quote the following from your letter:

" . . . The proceedings authorizing the issu-
ance of said bonds provided therein that 'while
any of the bonds are outstanding, the district
shall not issue any additional bonds payable
from the revenues of the System unless the lien
of such additional bonds on the revenues of the
system is made junior and subordinate in all re-
spects to the lien of the bonds authorized in
this resolution.'

".   .   .

"The district has requested this Board
to advise it whether or not additional
bonds can be issued by the district for
the purpose of making improvements to
the irrigation system within the district,
which the district proposes to take over
and operate, and making extensions and
improvements to the water and sewer
system now under construction within the
district, and to pledge the net revenues
derived from the operation of the irri-
gation system to the payment of such
additional bonds.

"Inasmuch as Article 7880-139 provides
that this Board must approve the issuance
of bonds by any water control and improve-
ment district before the same can be issued,
we respectfully request you to advise us
whether or not the term 'net revenues' as
used in Article 7880-90a is sufficiently
broad to include revenues derived from the
operation of an irrigation system, and
whether or not such revenues may be pledged
to the payment of revenue bonds issued for
the purposes above stated."

We have not deemed it necessary to re-examine
the above-mentioned bond record, for we are of the opinion
that the statute itself (Article 7880-90a) gives us the
answer to your question. This statute was added to the
water control and improvement district statutes by Senate
Bill No. 29, enacted by the Forty-third Legislature at
its Third Called Session (Acts 1934, 43rd Leg., ch. 32,
p. 56). Article 7880-90a (Sec. 1, S. B. No. 29) pro-
vides in part as follows:

"This section shall apply only to such
water control and improvement districts as
have adopted (or hereafter may adopt) a plan
for improvements designed to furnish a water
system, or a sewer system, or a water and
sewer system (either by construction, or pur-
chase, or purchase and construction), for
service in areas, urban or industrial in
nature, but not incorporated under the laws

of Texas relating to the creation of
cities, and which districts have, or
have expectancy for, net revenues from
operations  (to include all income
from ad valorem taxes, specific assess-
ments of benefits or taxation upon the
basis of dollars per acre, but to em-
brace all other income or revenues),
in lieu of securing its bonds as pro-
vided in Section 90 (next foregoing),
electively may provide for the payment
of the same in any one of the follow-
ing manners, towit:  1 - As provided for
by Section 90, next foregoing; 2-by
entering into contracts for the pledge
of the net revenues of the district, as
hereinafter defined and provided for;
3- by securing the bonds in both man-
ners 1 and 2; and:  The expression
'net revenue', as used herein, shall be
understood to exclude any money derived
from taxation, but to include all in-
come or increment which may grow out
of the ownership and operation of the
improvements or facilities produced by
use of the money for which such bonds are
given; less such proportion of the dis-
trict's revenue income as reasonably may
be required to provide for the adminis-
tration, efficient operation and ade-
quate maintenance of the district's ser-
vice facilities; and. . . ."  (Emphasis
added)

The use of the broad terms "net revenues from
operations," "all other income or revenues," and "net
revenues of the district," at first glance would indicate
that any revenues of the district could be pledged for
the payment of its bonds. However, we do not believe that
this construction was the one intended by the Legislature.
Moreover, it is our opinion that Article 7880-90a does not
authorize the issuance of revenue bonds for any purpose
other than for a water and/or sewer system and that it does
not authorize the pledging of any revenues of the district
other than those derived from its water and/or sewer sys-
tem.

You will notice that part of the statute which provides that "net revenue" shall include "all income or increment which may grow out of the ownership and operation of the improvements or facilities produced by the use of the money for which such bonds are given; less such proportion of the district's revenue income as may be required to provide for the administration, efficient operation and adequate maintenance of the district's service facilities." It is our opinion that this language clearly refers back to the earlier language in the statute which reads "water system, or a sewer system, or a water and sewer system . . . for service in areas, urban or industrial in nature. . . ."

In the first place, the only purposes specified in the statute are water and/or sewer purposes. In the second place, the emergency clause of Senate Bill No. 29 clearly shows that the Legislature had in mind only water and/or sewer purposes, for said clause provides in part as follows:

"The shortness of this session of the Legislature; and, the fact that various water control and improvement districts created to provide water and sewer service in urban and industrial areas which have not necessity to become incorporated as cities, coupled with the fact that certain of these districts, while otherwise approved, are being denied loans by the Federal Administration, on the ground that such districts have not specific statutory authority to pledge their net revenues as security for the bonds being offered by them, create an imperative public necessity . . ." (Emphasis added)

It is clear from the underscored language that the Legis-intended that the statute authorize the pledge of only the water and/or sewer revenues.

In the third place it would not seem reasonable to grant a district of the type mentioned in Article 7880-90a the power to pledge any and all of its revenues no matter the source and not grant the same or a similar right to other districts.

In the case of Keel v. Pulte (Com. App.), 10 S.W. (2d) 694, the court stated as follows:

"The power to issue negotiable paper for public improvements, or for money borrowed for the purpose of acquiring such improvements, is a power which is regarded as being beyond the scope of power of the governing body of a city or a county unless it be specially granted. This extraordinary power, when granted, can be exercised only in the mode and for the purposes specified in the grant. . . ."

Even though the bonds in question would be revenue bonds, we think that the principle announced above is applicable.

In view of the foregoing, you are advised that your question is answered in the negative.

We wish to add that the conclusions announced herein are consistent with those long followed by the Attorney General in the examination of bond records. Moreover, if bonds of the type inquired about were submitted for our examination, for the reasons stated such bonds would be disapproved.

### SUMMARY

A water control district has no authority under Article 7880-90a to issue revenue bonds for the purpose of improving its irrigation system and of making improvements and extensions to its water and sewer system which bonds would be secured by a pledge of the net revenues derived from the operation of its irrigation system.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    George W. Sparks
        Assistant

APPROVED April 29, 1947

ATTORNEY GENERAL OF TEXAS

GWS:s:bt